Joseph Czvizler v. Commissioner.
Czvizler v. Commissioner
Docket No. 34050.
United States Tax Court
1953 Tax Ct. Memo LEXIS 304; 12 T.C.M. (CCH) 386; T.C.M. (RIA) 53118; April 9, 1953
*304 Deduction: Net operating losses. - Held, that a restaurant and bar business was conducted and the losses therof were sustained by the petitioner, individually, and not by a corporation which passively held the lease to the premises and a liquor license. Frank Steinberg, Esq., 100 S.E. 11th Ave., Fort Lauderdale, Fla., for the petitioner. Ralph C. Bradbury, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: This proceeding involves income tax deficiencies and penalties in the amounts and for the calendar years, as follows: 5% Negli-
Penalty
Income Tax
gence
Under Sec.
Year
Deficiency
Penalty
294, IRC
1946
$8,741.10
$437.06
$483.55
1947
529.76
26.40
92.59
Totals
$9,270.86
$463.55
$576.14
The issues presented for our redetermination involve the questions of whether the respondent erred (1) in disallowing certain claimed losses for 1947 and 1948 (the latter being claimed as a carry-back adjustment for 1946) on the ground the losses were sustained in a business carried on by a corporation rather than by the petitioner individually, and (2) in determining the asserted *305 negligence penalties and penalties for failure to file proper declarations of estimated tax for the years 1946 and 1947. With respect to the year 1946 the petitioner assigned error in the respondent's action of allocating to him all the income of a partnership based upon the respondent's non-recognition of a partnership between the petitioner, Joseph O. Garry, and Julius Kanzler, each with a one-third interest in a venture initiated and completed during 1946 and involving the purchase, operation, and sale of a summer hotel at Lake George, New York. At the hearing, it was stipulated that the partnership income for 1946 amounted to $18,234.62, including a short-term capital gain as determined by the respondent. On his return for 1946, the petitioner reported income from the partnership in the amount of $5,498.71 and at the hearing he agreed that such reported income should be increased by the sum of $579.50, representing one third of the respondent's disallowance of certain deductions claimed by the partnership. On brief and after consideration of the evidence presented at the trial, the respondent admits the existence of a bona fide partnership. Effect thereto will be given in the *306 recomputation under Rule 50. With respect to the year 1947 the petitioner assigned error in the respondent's disallowance of claimed deductions for contributions, taxes, and medical expenses totalling $1,232.57. In connection with those adjustments the respondent allowed a standard deduction of $500. At the hearing the petitioner consented to such adjustments. Findings of Fact The petitioner, an individual, resides at Fort Luderdale, Florida. His individual income tax returns for the years 1946 and 1947 were filed on March 15, 1947, and 1948, respectively, with the collector of internal revenue for the third district of New York. On December 13, 1947, the petitioner entered into a written agreement with Jack Valentine under the terms of which he agreed to purchase for the sum of $7,500 all of the equipment, furniture and fixtures which were individually owned by Valentine and which were located and used in a restaurant known as the "Bar of Melody" in Fort Lauderdale, Florida. Under the same agreement the petitioner also agreed to purcase from Valentine for the sum of $23,500 all of the capital stock of the Cafe de Paris, Inc., a Florida corporation which was the lessee under *307 a seven-year lease, beginning November 1, 1946, and terminating on October 31, 1953, on the premises in which the business of the Bar of Melody was conducted. The lease was assignable only with the written consent of the lessor. The lease provided, inter alia, for rentals of $500 per month for two years from November 1, 1946, and $625 per month for the remainder of the rental period, and further required a deposit with the lessor of $9,000 to guarantee lessee's performance, of which sum $5,000 was deposited upon execution of the lease and the remaining $4,000 was to be deposited at the rate of $1,000 on November 1 of 1947 to 1950, inclusive. The lease stated that the property was "leased for the purpose of running a restaurant and for the sale of foodstuffs, drinks, and the like." Liquor licenses for the leased premises were issued in the name of the Cafe de Paris, Inc. It was the petitioner's desire and intention to operate the Bar of Melody as a sole proprietorship, but upon the lessor's refusal to consent to an assignment of the lease, he found it necessary to purchase the stock of the Cafe de Paris, Inc., to obtain the use of the lease and liquor licenses held by the corporation. *308 The petitioner entered into possession of the Bar of Melody during December 1947 and at his own expense made certain changes, improvements, and alterations to the premises. On December 22, 1947, the petitioner, in his own name, made deposits of $250 with the gas company, $150 with the electric company, and $10 with the City Water Department, to guarantee payment for utility service on the premises. With the exception of the above named liquor licenses, all licenses authorizing the operation of the establishment, Bar of Melody restaurant and bar, and authorizing the collection of sales and use taxes were issued in the name of the petitioner. The petitioner used his personal bank account for the deposit of all receipts and the payment of all expenses in the operation of the business and individually paid for all supplies, foodstuffs, etc. used on the premises and also wages, rents, etc. All unemployment compensation reports, withholding reports, and social security reports were made by the petitioner, individually. The petitioner opened the Bar of Melody for business on December 27, 1947, and continued the operation during 1948. On January 9, 1948, the petitioner received a bill *309 of sale covering the equipment, furniture, and fixtures and also all the stock of Cafe de Paris, Inc., purchased from Valentine. At all times material here, the only corporate activity was the holding of a special meeting of the board of directors on January 9, 1948. The minutes of that meeting recorded the transfer of the capital stock, the election of Joseph Czvizler, Otto Garry, and Madeline Garry as directors and officers (with the petitioner as president) and the adoption of a motion that the petitioner be hired as the operating manager of the Bar of Melody. Such motion stated that for the operation and management of the business the petitioner, after payment of all expenses, depreciation, salaries, wages, etc., would receive all of the profits up to $30,000 and the corporation would receive ten per cent of profits in excess of $30,000 and that the petitioner would be solely responsible and hold the corporation harmless from any liability for hiring all employees, paying their salaries, purchasing all liquors, foodstuffs, etc. used in the business. The petitioner's operation of the Bar of Melody with the expenditure of his own personal funds, resulted in net operating losses *310 in the amounts of $1,941.03 for 1947 and $7,807.77 for 1948. In his individual income tax return for 1947 the petitioner reported on "Schedule C - Profit (or Loss) From Business or Profession" a net profit of $978.97 from operation of the Cornell Bar & Grill in New York City, New York (not in controversy herein); a loss of $1,941.03 from the operation of the Bar of Melody; and a net loss of $962.06 representing the excess of the loss of $962.06 representing the excess of the loss item over the profit item. In his deficiency notice the respondent increased the petitioner's reported income by an addition of "Business income - $1,941.03" with the explanation that "It has been determined that the net income from operation of the Cornell Bar and Grill, New York City was $978.97 in lieu of loss claimed in the amount of $962.06 on original return." In that manner the respondent disallowed the petitioner's claimed deduction of $1,941.03 as a loss sustained from the operation of the Bar of Melody. In his individual income tax return for 1948 the petitioner reported no taxable income and disclosed a net operating loss from the operation of the Bar of Melody. The petitioner filed an "Application *311 For Tentative Carry-Back Adjustment" to the year 1946 by reason of a net operating loss of $7,807.77 in 1948 and on account thereof received a refund check of $2,431.96 for 1946. In his deficiency notice, with respect to 1946 and after disallowing recognition of the partnership, the respondent determined the amount of the asserted deficiency by including as a portion thereof the "Amount refunded on Tentative allowance - $2,431.96." The petitioner's declaration of estimated tax and payments made on account thereof for 1946, was in the amount of $1,600. His original tax return for 1946 reported a tax liability of $3,350.01. The petitioner did not file a declaration of estimated tax for 1947. His tax return for 1947 reported a tax liability of $87.59. Attached to those returns are detailed schedules disclosing the petitioner's sources of income, and the various deductions claimed by him. Opinion The principal issue herein is whether the net operating losses incurred in the operation of the Bar of Melody during December 1947 and 1948 were sustained by the petitioner individually or by the Cafe de Paris, Inc., a Florida corporation. There is no dispute as to the amounts of the net *312 operating losses or as to the propriety of a carryback adjustment from 1948 to 1946, if sustained by the petitioner. The respondent takes the position that since the corporation held the lease of the premises and the liquor license used in the business, the operation of the Bar of Melody and the losses sustained must be attributed to the corporation, a separate legal entity which may not be disregarded for tax purposes. On this issue the respondent cites Interstate Transit Lines v. Commissioner, 319 U.S. 590, as controlling. In our opinion, that case is not apposite but distinguishable in that there two separate corporations, parent and subsidiary, were each actually engaged in business under their respective charters and it was held that an operating deficit of the subsidiary was not deductible as a business expense of the parent even though the latter was contractually liable to reimburse the subsidiary for the deficit. In the instant case the corporation held the lease for and the license to sell liquor on the premises occupied by the Bar of Melody, but it did not carry on any active business in its own name and it did not receive any income or incur any expenses. *313 The petitioner acquired the stock of the corporation in order to obtain the use of the leased premises and liquor license and personally met the terms of the lease including rental payments. From that point on the simple facts are that the petitioner individually owned all the furniture and fixtures used in the business, held the licenses authorizing the operation of the establishment under the name of the Bar of Melody and the collection of sales and use taxes, used his personal bank account for the deposit of all receipts and the payment of all expenses connected with the business, conducted all of the affairs of the business, and actually sustained the net operating losses incurred. In our opinion, the record establishes that the corporation was merely a passive record holder of the lease and liquor license for the petitioner's convenience, that the business of operating the Bar of Melody was the petitioner's individual business, and that the petitioner sustained the net operating losses for 1947 and 1948. Cf. John A. Mulligan, Transferee, 16 T.C. 1489 (appeal dismissed C.A. 2, April 24, 1952), and Thomas K. Glenn, 3 T.C. 328. On this issue the respondent *314 erred and the proper adjustments will be made in the recomputation under Rule 50. With respect to the respondent's additions to the tax for 1946 and 1947, due to negligence or intentional disregard of rules and regulations, in the amounts of five per cent of the total amount of the deficiency for each year respectively, under section 293 of the Internal Revenue Code, the deficiency notice is silent as to the reasons therefor and no evidence was adduced by either party, particularly in connection therewith. The record herein discloses that the petitioner's individual income tax returns for the years involved were not only timely filed but contained detailed schedules of income reported and deductions claimed. The disputed items which gave rise to this proceeding were the subject of honest differences of opinion between the parties. There is no evidence of any negligence or intentional disregard of rules and regulations by the petitioner and apparently no justification for the addition to tax of the so-called five per cent negligence penalty on any deficiencies recomputed in accordance with this opinion. On this issue the respondent erred. The respondent has *315 determined additions to the tax under section 294, Internal Revenue Code, for substantial understatement of estimated tax for 1946 and failure to file a declaration of estimated tax for 1947. The imposition of such additions to the tax is provided for by statute, if the shoe fits this taxpayer's foot. The petitioner's declaration of estimated tax was in the amount of $1,600 for 1946 and whether that was a substantial underestimate within the terms of section 294 is dependent upon the amount of the petitioner's tax liability for that year as recomputed in accordance with this opinion. For the year 1947 no declaration of estimated tax was filed by the petitioner. The proper additions to the petitioner's tax, if any, under section 294 will be redetermined in the recomputation under Rule 50. Decision will be entered under Rule 50.